Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,

    Plaintiff,

  v.

USPS,

    Defendant.

C10-1840-JCC

**ORDER**

This matter comes before the Court upon the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 7).The Court has also considered Plaintiff's objections to the report and recommendation. (Dkt. No. 8). For the reasons explained below, the Court hereby ADOPTS the report and recommendation and therefore DISMISSES this matter without prejudice.

ORDER, C10-1840-JCC
Page 1

## I. BACKGROUND

In November 2010, Plaintiff Paul Simonds, who proceeds *pro se*, filed a proposed complaint which is virtually indecipherable. The following excerpt from the proposed complaint is typical of its remaining contents:

> On Nov. 1st, 2010, approx. 8:35 or 8:38 a.m., Mr. Simonds asked USPS employee for his SSI check, the employee refused violations — 39-101-a, 39-206-b, and - - -  101-e. Mr. Simonds is therefore suing on against USPS. Claims 28-1346-b, 28-2672, amount $50,000. Federal Rules of Civil Procedure 8-a-1, 8-a-2, 8-a-3, 28-1346-b negligence claim. Duty — violations — and breach of duty. Violations 39-101-a, 39-101-e, 39-206-b, and subsection provisions and misrepresentation, or fraudulent misrepresentation, breach of duty — all of the above, and lack of training or proper or [illegible] how, etc. [sic].

(Proposed Complaint 4–5 (Dkt. No. 1-1)).

Magistrate Judge Theiler reviewed Plaintiff's proposed complaint and recommended that this Court dismiss his case without prejudice for failure to state a claim. (Report and Recommendation (Dkt. No. 7)). As her report and recommendation stated: "[P]laintiff fails to allege sufficient facts to place Defendant on notice of the nature of his claims or otherwise provide any basis for jurisdiction in this Court. Because this action . . . fails to state a claim upon which relief can be granted, it is subject to dismissal[.]" (*Id.* 2).

Plaintiff filed objections to the report and recommendation on December 7, 2010. (Dkt. No. 8). Plaintiff's objections are as indecipherable as was his proposed complaint. The following excerpt is typical of the remaining portions of Plaintiff's objections:

> Objections to recommendations. All complaints - Nov. 2010 and motion - orders to show cause setting complaints for December 10, 2010 hearing. Civil Rules 7-d, etc. Complaints- Nov. 12 and 16- filed and mailed Nov. 17 arrived on Nov. 18, 2010, and complaint - Nov. 29, 2010. Due process of law- pages 15 and 16, the federal judiciary has the power to not merely rule on cases, but to decide them. 514 U.S. 211.

(Objections 1–2 (Dkt.No. 8)).

//

## II. RELEVANT LAW & DISCUSSION

This Court is authorized to dismiss the complaint of any plaintiff who proceeds *in forma pauperis* whenever the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (stating that "federal courts are without power to entertain claims otherwise within their jurisdiction if those claims are so attenuated and unsubstantial as to be absolutely devoid of merit.").

Because Plaintiff's proposed complaint is indecipherable, it is "so attenuated and unsubstantial as to be absolutely devoid of merit." *See Hagans*, 415 U.S. at 536–37. Because his objections to the report and recommendation are equally indecipherable, they fail to redeem his defective proposed complaint. This Court therefore dismisses this matter without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the report and recommendation. The Court therefore DISMISSES this matter without prejudice.

SO ORDERED this 20th day of December, 2010.

JOHN C. COUGHENOUR
United States District Judge